Bauder *v.* Lasher.

---

GEORGE M. BAUDER, Respondent *v.* URIAH LASHER, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1871.)

Where the amount of a verdict is determined by mere conjecture, and is not based upon any calculation warranted by the testimony, it will be set aside, as unsupported by sufficient evidence.

THE action was originally brought by plaintiff in a Justice's Court, to recover upon an agreement made by plaintiff with defendant for working his farm on shares, alleging in plaintiff's complaint, among other things, that plaintiff appropriated and used more than his half and share of milk and butter, and omitted to pay his half of school tax.

Plaintiff also claimed to recover for a large quantity of corn, oats and potatoes used by defendant, as well as for work done, beef sold, and money loaned.

The defendant's answer was a denial and set-off. The cause was tried by jury; verdict rendered in favor of the plaintiff for forty-five dollars, upon which the justice rendered judgment for that amount and costs, fifty dollars. The defendant appealed to the Montgomery County Court, where the judgment was affirmed, and the defendant appealed to this court.

*J. E. Dewey,* for the appellant.

*P. G. Webster,* for the respondent.

Present—MILLER, P. J., JAMES and PARKER, JJ.

By the Court—MILLER, P. J.   It is difficult to see how the plaintiff can sustain the recovery had in this action before the justice.   Upon no view which can be reasonably taken of the evidence can the amount recovered be upheld or satisfactorily made out.   In all cases the plaintiff must establish his claim by testimony *prima facie,* so that it can be seen that the proof sustains the verdict.   Incoherent testimony, or mere conjecture or speculation as to the effect of certain testimony, is not enough; but there must be sufficient data from which inferences may be drawn or results established.   The case before us is entirely destitute of this kind of proof; and upon no rational hypothesis can the judgment be sustained. Most of the items for which the plaintiff claimed to recover are not sufficiently proven.   As to the claim for butter, no quantity is proven, and there is no sufficient evidence upon which any amount could be allowed.   The testimony is equally uncertain as to the quantity of corn used or taken by the defendant, if he had any, belonging to the plaintiff.   There is no direct proof as to the number of bushels left on the farm by the plaintiff.   The testimony shows that the plaintiff took and sold some of it; that some was fed to the horses and cows, some to the fowls on the premises, and the hogs; that one of the neighbors had some on several occasions, and that some used by the defendant was returned.   There is no testimony to show, or from which to make a calculation, what these different items amounted to, and the wildest speculation must be indulged in, to enable a jury to arrive at any satisfactory conclusion as to what quantity, if any, the defendant had.   The plaintiff himself swears that he does not know what became of it.

So also as to the oats.   The testimony is quite unsatisfac-

tory. The plaintiff himself swears that he does not know how many were there, nor what became of the old oats. Some were used for seed, which was repaid, some fed to plaintiff's team and the fowls, some fed to the horses owned by the plaintiff, and some to the horses used by both parties. How much of each does not appear, and there are no data upon which it can be claimed that any definite or certain portion was used by the defendant.

The plaintiff cannot testify how many potatoes were used for planting, or how many were in the hill where he left them, or were taken and used by the defendant's family.

The only items actually proven by the plaintiff were for money advanced and the charge for one-half of the cow sold, which together amounted to twenty-two dollars, and is more than balanced by the defendant's account proven beyond dispute. The amount of the verdict could only have been determined by the wildest conjecture, and is not based upon any calculation warranted by the testimony. Such a judgment cannot stand, and is without sufficient evidence to support it. This is not a case where there is a conflict of evidence, but where there is not sufficient testimony to sustain the verdict.

The judgment of the justice and the County Court must, therefore, be reversed, with costs.

Judgment reversed.